IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RECEE MAE REED,** | § | |
|        **PLAINTIFF,** | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:21-CV-1594-X-BK |
| | § | |
| **WHITE ROCK HILLS TOWNHOMES,** | § | |
| **ET AL.,** | § | |
|        **DEFENDANTS.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Plaintiff Recee Mae Reed's motion to proceed *in forma pauperis* but did not issue process. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITH PREJUDICE** as frivolous.

### I.    BACKGROUND

On July 8, 2021, Reed filed a *pro se* complaint against White Rock Hills Townhomes, Peakcares Peakliving Apartment, and the Peak Support Team. Doc. 3 at 1. The complaint is difficult to decipher and the claims irrational. Reed never states a cause of action or alleges any coherent facts from which the Court can discern a cognizable cause of action. Indeed, in the form complaint, Reed only states the following nonsensical phrases:

> Religion Differences: ex: mouslin and African?? Baptist mourners
> Defamation of Character
> Please see Attachment form: Employment Discriminative: Re: Housing and also: includes sexual harassment from gay residents; other Nat'l Nationality

> Relatives: include (a) African
> ex: name: Country Kenya Gana Nigieria, etc
> Hot coffee
> Other Domestic 3rd degree burn on right shoulder
> Abuse: r/arm
> (Marilyn Wilkerson #2006/7229 Ferguson Rd., Dls. TX 75228
> African female through construction rock at me (cut the elbow L/arm)

Doc. 3 at 1 (errors in original).

Along with her complaint, Reed encloses more than 50 pages of cryptic, handwritten notes and phone numbers. Doc. 3 at 2-49, 51, 53, 55, 57. She also includes:

- Two letters from the Texas Attorney General's Office, informing Reed that she was ineligible for Crime Victims' Compensation benefits, Doc. 3 at 50, 52;

- *Acknowledgement of Resident Notice to Vacate*, confirming that Reed is moving out of her apartment on August 31, 2021, Doc. 3 at 54; and

- An incomplete petition for small claims, seeking refund for loss of lease and fraudulent charges and deferred payments, Doc. 3 at 58.

Further, in the *Civil Cover Sheet*, Reed checks the box for "Federal Question" and describes her cause of action as "Fair Housing Act" and Section 504 of the Rehabilitation Act. Doc. 3 at 61.

**II.     ANALYSIS**

Because Reed seeks leave to proceed *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides inter alia for the *sua sponte* dismissal of a complaint if the Court finds that it is frivolous or malicious. A complaint is frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The latter category encompasses allegations that describe

"fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Reed has failed to state a cognizable legal claim or anything that can be construed as such. Moreover, she offers no legal authority and, as illustrated here, her factual contentions are clearly baseless and inadequate to support any cognizable claim, and appear irrational and incredible. *See Denton*, 504 U.S. at 33. Consequently, Reed's complaint should be dismissed with prejudice as factually and legally frivolous.

### III.  LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint prior to dismissal, but leave is not required when she has already pled her "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed herein Reed has wholly failed to state or suggest a cognizable claim or any facts from which a cognizable claim can be inferred. Based on the most deferential review of her complaint, it is highly unlikely that, given the opportunity, Reed could allege cogent and viable legal claims. Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

## IV. CONCLUSION

For the foregoing reasons, it is recommended that Reed's complaint be **DISMISSED WITH PREJUDICE** as frivolous.  See 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on July 16, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).